897 F.2d 538
 16 U.S.P.Q.2d 1444
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re DATASCOPE CORPORATION.
 No. 89-1391.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1990.
 
 Before MARKEY, Chief Judge, BISSELL* and ARCHER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Datascope appeals from the decision of the United States Patent & Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), Appeal No. 89-0292 (February 24, 1989), affirming the examiner's rejection under 35 U.S.C. Sec. 103 (1982 & Supp. II 1984) of claim 22 during reexamination of U.S. Patent No. 4,261,339. We affirm.
 
 OPINION
 
 2
 Datascope argues that the Board's decision is erroneous because it is based on improper interpretations of the phrases "disposed at the end of the chamber," "supporting said chamber" and "between opposed ends." As this court has made clear, "claims subject to reexamination will 'be given their broadest reasonable interpretation consistent with the specification.' " In re Etter, 756 F.2d 852, 858, 225 USPQ 1, 5 (Fed.Cir.1985) (in banc ) (citing In re Yamamoto, 740 F.2d 1569, 1571, 222 USPQ 934, 936 (Fed.Cir.1984)). Datascope has not shown that the Board's interpretation of the questioned phrases was unreasonable.
 
 
 3
 The phrase "disposed at the end of the chamber" in claim 22 is used to describe in broad terms the structure at the distal end of the balloon chamber and encompasses the phrases "rotatably coupled to" and "non-rotatably connected to" in allowed claims 23 and 24, both of which are dependent on claim 22. When rotatably coupled, the specification discloses that the support wire 50 is not touching the end of the chamber. See Figures 6 and 7. As the broader claim and under the doctrine of claim differentiation, claim 22 cannot be said to exclude devices like those disclosed in the Watkins patent. There the supporting tube terminates near,[1] although not in contact with, the distal end of the balloon chamber.
 
 
 4
 Datascope further argues that the phrase "supporting said chamber" requires "support[ ] ... through some sort of physical connection." Again, this interpretation does not comport with the description of the invention in the specification, which indicates that the unconnected support wire 50 of Figures 1, 6 and 7 "supports" the chamber. In each of those figures, the proximal and distal ends of the chamber are not held apart in a fixed or unwavering manner. On the contrary, some degree of longitudinal "play" is allowed to facilitate the winding of the collapsed chamber to ready the device for insertion into the patient's artery. This is shown by comparing the distance between tube end 36 and keeper 60 in Figure 1 and Figure 2.
 
 
 5
 Datascope also argues that the phrase "extending in said chamber between opposed ends thereof" requires that the rod-like member must extend the full length of the balloon chamber. Datascope's reading of this phrase finds no textual support in claim 22 or the specification and, thus, does not persuade us that the Board's reading of the claim was unreasonable.[2]
 
 
 6
 Lastly, Datascope argues that it is inconsistent to hold claim 22 unpatentable on the basis of the Watkins patent when this court earlier upheld its validity over a similar prior art patent to Moulopoulos. This court's decision in Datascope v. SMEC, 776 F.2d 320, 324, 227 USPQ 838, 841 (Fed.Cir.1985), however, does not mandate a reversal of the Board's decision. Datascope v. SMEC was an infringement suit where the statutory presumption of validity applies, 35 U.S.C. Sec. 282 (1982). Proceedings before the PTO on reexamination are distinguishable from proceedings in federal district courts on issued patents. See In re Etter, 756 F.2d 852, 225 USPQ 1; In re Yamamoto, 740 F.2d at 1571-72, 222 USPQ at 936.
 
 
 7
 Accordingly, the Board's decision is affirmed.
 
 
 
 *
 Circuit Judge Bissell, who died on February 4, 1990, took no part in the decision of this case
 
 
 [1]
 The word "at" is defined as "a function word to indicate presence or occurrence in, on, or near," which is the definition of that word used by the Board in reaching its decision. See Webster's New Collegiate Dictionary, 69 (1979) (emphasis added)
 
 
 [2]
 We have considered the affidavit of the inventor, Dr. Hanson, which purports to represent how one of ordinary skill in the art would interpret claim 22, but for the reasons discussed and disclosures of the specification, we are unable to conclude that the Board's interpretation is not reasonable. In re Etter, 756 F.2d 852, 225 USPQ 1